O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PHUONG T. LY, | ) | NO. CV 06-5159-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) | **AND ORDER OF REMAND** |
| | ) | |
| Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on August 18, 2006, seeking review of the Commissioner's denial of benefits.  The parties filed a consent to proceed before a United States Magistrate Judge on September 29, 2006.  Plaintiff filed a motion for summary judgment on

1  February 21, 2007.  Defendant filed a cross-motion for summary
2  judgment on March 20, 2007.  The Court has taken both motions under
3  submission without oral argument.  <u>See</u> L.R. 7-15; "Order," filed
4  August 18, 2006.

## BACKGROUND

Plaintiff asserts disability based on several alleged impairments (Administrative Record ("A.R.") 69-72, 225-29). The Administrative Law Judge ("ALJ") found Plaintiff suffers from severe impairments but retains the residual functional capacity to perform a limited range of light work (A.R. 30-31). The ALJ stated Plaintiff has "past relevant work" as a sales clerk and a sewing machine operator, and retains the capacity to perform these jobs (A.R. 31). The ALJ did not mention Plaintiff's earnings from her prior work or any other evidence that might bear on the issue of whether Plaintiff's prior work constituted "substantial gainful activity." <u>Id.</u>  The Appeals Council denied review (A.R. 6-8).

## STANDARD OF REVIEW

Under 42 U.S.C. section 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards.  <u>See</u> <u>Swanson v. Secretary</u>, 763 F.2d 1061, 1064 (9th Cir. 1985).

///
///

2

**DISCUSSION**

Unless a claimant's prior work constituted "substantial gainful activity," the work cannot qualify as "past relevant work." See 20 C.F.R. § 416.965(a); Vertigan v. Halter, 260 F.3d 1044, 1051 (9th Cir. 2001). "Earnings can be a presumptive, but not conclusive, sign of whether a job is substantial gainful activity." Lewis v. Apfel, 236 F.3d 503, 515 (9th Cir. 2001). When earnings are less than the levels triggering a presumption of substantial gainful activity, the ALJ should consider and discuss other evidence bearing on the issue of whether the prior work was substantial gainful activity. See 20 C.F.R. § 416.974(b)(6); Lewis v. Apfel, 236 F.3d at 515. Such evidence can include the nature of the claimant's work, how well the claimant performed the work, whether the work was done under special conditions, whether the claimant was self-employed, and the amount of time the claimant spent at the work. Id. at 515-16; 20 C.F.R. § 416.973.

In the present case, the ALJ erred by failing to discuss any of the factors pertinent to an analysis of whether Plaintiff's prior work constituted "substantial gainful activity." Id.; see Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983) (the Administration "has a special duty to fully and fairly develop the record and to assure the claimant's interests are considered . . ."); Lewin v. Schweiker, 654 F.2d 631, 634-35 (9th Cir. 1981) (ALJ's decision should include a statement of the subordinate factual foundations on which the ALJ's ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision); see also Pinto v. Massanari, 249

1  F.3d 840, 844 (9th Cir. 2001) ("Although the burden of proof lies
2  with the claimant at step four, the ALJ still has a duty to make the
3  requisite factual findings to support his conclusion.").

5       The ALJ's error may have been material.  The record does not
6  reflect that Plaintiff ever received annual earnings sufficient to
7  trigger a presumption of substantial gainful activity (A.R. 79;
8  20 C.F.R. § 416.974).  Indeed, Defendant acknowledges that
9  Plaintiff's annual earnings "may not amount to the presumptive SGA
10 earning figures" (Defendant's Motion at 3-4).  Defendant argues,
11 however, that the hourly compensation for Plaintiff's work as a
12 sewing machine operator, the number of hours worked, and the alleged
13 absence of evidence that Plaintiff could not have worked full time
14 prior to August, 2003, combine to support the conclusion that
15 Plaintiff's prior part-time work as a sewing machine operator was
16 substantial gainful activity.  Id.[1]  Defendant's argument, however
17 potentially persuasive, is not cognizable by this Court.  See Connett
18 v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (district court cannot
19 affirm on the basis of evidence the ALJ failed to discuss); Pinto v.
20 Massanari, 249 F.3d 840, 847 (9th Cir. 2001) (court "cannot affirm
21 the decision of an agency on a ground that the agency did not invoke
22 in making its decision").

24      When a court reverses an administrative determination, "the
25 proper course, except in rare circumstances, is to remand to the
26 agency for additional investigation or explanation."  INS v. Ventura,

---

[1] Defendant does not make any similar argument with respect to Plaintiff's prior work as a sales clerk.

1  537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is
2  proper where, as here, additional administrative proceedings could
3  remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d
4  599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d
5  1496, 1497 (9th Cir. 1984).[2]

      LET JUDGMENT BE ENTERED ACCORDINGLY.

      DATED: March 26, 2007.


                                        _____/S/_____
                                              CHARLES F. EICK
                                UNITED STATES MAGISTRATE JUDGE

---

[2] Contrary to Plaintiff's argument, the record evidence does not compel the conclusion that none of Plaintiff's prior work can qualify as substantial gainful activity.